IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | | |
|---|---|---|
| JEAN MURRAY, | ) | Civil Action No. 5:19-cv-01795-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY AND RUSS HEWITT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, ORANGEBURG DIVISION:

The Defendant State Farm Fire and Casualty Company ("State Farm"), by this Notice of Removal submitted pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of the removal of this action from the Court of Common Pleas, Orangeburg County, State of South Carolina, to the United States District Court for the District of South Carolina, Orangeburg Division. In support of this Notice of Removal, State Farm respectfully shows the Court:

1.     The Plaintiff filed a Complaint on May 28, 2019, in the Court of Common Pleas, Orangeburg County, State of South Carolina, against State Farm and Russ Hewitt ("Hewitt").

2.     This notice is filed within thirty (30) days of service on the Defendants and both defendants consent to this removal.

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, in that there is complete diversity of citizenship between the Plaintiff and any properly joined Defendants, and the amount in controversy is in excess of $75,000.00, exclusive

of interest and costs as Plaintiff is seeking in excess of $2,000,000, thus satisfying the amount in controversy requirement of § 1332. (Cmplt. ¶ 15, 16, 17, 23, 28, 38).

4.      Upon information and belief, at the time of the commencement of this action, the Plaintiff was and still is a citizen of the State of South Carolina. (Cmplt. ¶ 1)

5.      At the time of the commencement of this action, Defendant Hewitt was and still is a citizen of the State of South Carolina. (Cmplt. ¶ 3)

6.      Defendant State Farm was and still is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois.

7.      As explained below, the presence of Hewitt as a defendant does not defeat diversity jurisdiction because he was fraudulently joined. Hewitt is an employee of the Russ Hewitt Insurance Agency and is not an employee of State Farm. He did not participate in the handling of the Plaintiff's insurance claim, nor was he a party to the contract of insurance between the Plaintiff and State Farm.  In fact, Hewitt had no involvement with the subject matter of the complaint.  (Affidavit of Russ Hewitt attached as Exhibit A).

8.      "The 'fraudulent joinder' doctrine permits removal when a nondiverse party is (or has been) a defendant in the case . . .. Under this doctrine, a district court can assume jurisdiction over a case even if, inter alia, there are nondiverse named defendants at the time the case is removed." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). "Fraudulent joinder requires neither fraud nor joinder. It is a 'term of art [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action exists.'" *Benson v. Continental Ins. Co.*, 120 F. Supp. 2d 593, 594 (S.D. W. Va. 2000) (quoting *AIDS Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990)).

2

9.      Plaintiff has alleged six causes of action, four of which (bad faith, breach of contract, equitable indemnity and quantum meruit) are explicitly directed only at State Farm. The other two causes of action for negligence and "attorney fees" are directed to "all defendants." However, neither of these is actionable against Hewitt.

10.      The Plaintiff's sixth cause of action, titled "Attorney Fees," cites S.C. Code Ann § 38-59-40. This statute, however, only applies to an "insurer, [nonprofit hospital service] plan, or [medical service] corporation." *Id.* The statute does not allow for attorneys fees against an insurance *agency*, much less an individual employee of an insurance agency like Russ Hewitt. Therefore, the sixth cause of action, purportedly directed against Russ Hewitt, does not state a cause of action against him.

11.      With respect to the negligence cause of action directed against all defendants, the Plaintiff asserts breach of the following duties: (1) "a duty of due care to fairly defend and indemnify Plaintiff under the policy of insurance" and (2) "a duty to properly handle its claim arising out of the special relationship and confidence of trust Plaintiff placed on Defendants and out of the covenant and duty of good faith and fair dealing implied as a matter of law in contracts of insurance." (Compl. ¶ 25) However, the Plaintiff has not alleged that Russ Hewitt was a party to the contract of insurance; thus, he could have no obligation to defend and indemnify the Plaintiff under the contract of insurance. *See, Stewart v. State Farm Fire & Cas. Co.*, No. 2:11-CV-03020-DCN, 2012 WL 253136, at *2 (D.S.C. Jan. 26, 2012). Additionally, Russ Hewitt had no role in the handling or investigation of the plaintiff's claim and no duty could exist under these facts, much less a breach of any duty. (Exhibit A)

12.     Therefore, because diversity of citizenship exists between the Plaintiff and State Farm, and because the citizenship of Hewitt should be disregarded under the fraudulent joinder doctrine, removal of this action is proper.

13.     This Notice of Removal is filed with this Court within thirty (30) days after State Farm's receipt of the Summons and Complaint.

14.     Copies of all process, pleadings and orders served upon State Farm are attached hereto as Exhibit B and incorporated herein by reference.

15.     A copy of this Notice of Removal will be filed with the Clerk of the Orangeburg County Court of Common Pleas and served on all adverse parties, as required by 28 U.S.C. § 1446(d).

WHEREFORE, State Farm prays that this action be removed to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:  s/ CHARLES R. NORRIS
    Charles R. Norris
    Federal Bar No. 2549
    E-Mail: charles.norris@nelsonmullins.com
    Robert W. Whelan
    Federal Bar No. 9242
    E-Mail: robert.whelan@nelsonmullins.com
    151 Meeting Street / Sixth Floor
    Post Office Box 1806 (29402-1806)
    Charleston, SC  29401-2239
    (843) 853-5200

*Counsel for Defendants*

Charleston, South Carolina

June 24, 2019

4